**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JOSE MARIA CHIMBAINA ALULEMA,**

*Petitioner*,

v.

**LUIS SOTO**, ***et al.***,

*Respondents*.

No. 26-cv-14821

**ORDER**

**O'HEARN, District Judge.**

The Court is in receipt of the Petition for Writ of Habeas Corpus in which Petitioner alleges that they are being unlawfully detained. **IT IS ORDERED** that, if Petitioner was apprehended in the interior of the United States after residing in the country for an extended period and was initially detained pursuant to 8 U.S.C. § 1225(b)(2), Petitioner's detention is unlawful under *Buele Morocho v. Warden Phila. FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), and Respondents shall release Petitioner from custody within twenty-four (24) hours of this Order; and it is further

**ORDERED** that, if release occurs pursuant to this Order, Respondents shall release Petitioner (a) in the State of New Jersey, if Petitioner was initially arrested in New Jersey, or otherwise as close to the place of initial arrest as reasonably practicable; (b) without additional conditions (such as ankle monitors or other electronic tracking devices); and (c) with all personal property seized at the time of arrest. Respondents shall promptly file a letter on the docket confirming Petitioner's release in compliance with this Order; and it is further

**ORDERED** that, if release occurs pursuant to this Order, to effectuate meaningful relief,

Respondents shall not arrest, detain, or otherwise take Petitioner into custody for fourteen (14) days following their release.[1] This Court shall retain jurisdiction over any effort to re-arrest or re-detain Petitioner, and Petitioner may move to reopen these proceedings without filing a new habeas petition; and it is further

**ORDERED** that, if Petitioner is not released, Respondents shall, within five (5) calendar days of this Order, file a letter on the docket addressing whether Petitioner: (1) has a criminal history warranting mandatory detention under 8 U.S.C. § 1226(c); (2) is subject to a final order of removal; or (3) was initially detained pursuant to 8 U.S.C. § 1226(a) and afforded a bond hearing. Respondents are further reminded that the Court will not accept a "post hoc justification[] for detention." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("A court must review the agency's actual on-the-record reasoning process... not a post hoc rationalization, or agency counsel's in-court reasoning."). Accordingly, if Respondents contend that § 1226(a) supplied the authority for Petitioner's detention from the outset, they must provide proof establishing that fact; and it is further

**ORDERED** that, to the extent Petitioner challenges the lawfulness of their arrest or alleges that Immigration and Customs Enforcement ("ICE") failed to conduct an individualized custody determination under 8 U.S.C. § 1226(a), Respondents shall specifically address each claim in their response. Respondents shall identify the statutory and regulatory authority supporting Petitioner's arrest and detention and produce any available documentation demonstrating the basis for the arrest and the individualized assessment of danger to the community or risk of flight underlying

[1] But nothing in this Order shall be construed as enjoining Respondents from re-detaining Petitioner in the event of materially changed circumstances bearing on the statutory basis for detention.

the initial custody determination.[2] *See A.J.P.S. v. Benzel*, No. 26-11858, 2026 WL 3131270 (D.N.J. Oct. 19, 2026). A response merely advising that Petitioner is detained pursuant to § 1226(a) or has been afforded or scheduled for a bond hearing is insufficient to address these claims; and it is further

**ORDERED** that Respondents shall produce the complete custody record, including, but not limited to, (1) any Form I-200 Warrant of Arrest, including the dates and times of issuance and execution and the identities of the issuing and serving officers; (2) any Form I-205 Warrant of Removal/Deportation; (3) any Form I-213 Record of Deportable/Inadmissible Alien; (4) any Form I-286 Notice of Custody Determination; (5) any Notice to Appear, including the dates and times of issuance and service; and (6) any other documents identifying the factual and statutory bases for Petitioner's arrest and continued detention; and it is further

**ORDERED** that, to the extent Respondents contend that Petitioner is detained pursuant to 8 U.S.C. § 1231 based on a final order of removal, their submission shall address whether Petitioner is subject to mandatory detention during the ninety-day statutory removal period or discretionary detention under § 1231(a)(6) and shall identify the factual and legal basis for that position. If Petitioner is not subject to mandatory detention, Respondents shall further address (1) whether Petitioner was previously released under an order of supervision and (2) the factual basis for any contention that there is a significant likelihood of removal in the reasonably foreseeable future, including all efforts undertaken to effectuate Petitioner's removal since entry of the final removal order. *See Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018 (D.N.J. Sept. 9, 2026);

---

[2] Respondents shall also submit an affidavit or declaration from an ICE officer with personal knowledge of the circumstances surrounding Petitioner's initial custody determination, including when the determination was made, who made it, and what information was considered in assessing Petitioner's danger to the community or risk of flight.

*Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387 (D.N.J. 2025); and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to the United States Attorney's Office at the following email address: USANJ-HabeasCases@usdoj.gov; and it is finally

**ORDERED** that, in light of this Order and the Court's previous Order enjoining Petitioner's transfer, the Emergency Motion to Stay Transfer and for a Temporary Restraining Order, (ECF No. 2), is **DENIED AS MOOT.**

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**

Dated: November 17, 2026